IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-539-BO

| | | |
|---|---|---|
| MARJORIE B. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings [DE 15, 18]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on January 23, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion [DE 18] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff filed her application on October 2, 2015, alleging disability dating back to March 16, 2015. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on February 15, 2016. The ALJ issued a decision in March 2017, finding that plaintiff was not disabled. In August 2017, the Appeals Council affirmed the ALJ's decision to deny benefits for the period from March

16, 2015 to December 30, 2016, but awarded benefits from December 31, 2016 onward on the basis of a change in plaintiff's age category.

In October 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision that she was not disabled from March 16, 2015 to December 30, 2016 under 42 U.S.C. §§ 405(g) and 1383(c)(3). [DE 6]. In May 2018, plaintiff moved for judgment on the pleadings. [DE 15]. Defendant moved for judgment on the pleadings in August 2018. [DE 18].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step five when the ALJ considered plaintiff's residual functional capacity, determined that plaintiff could perform

light work with various limitations, and that plaintiff was capable of performing jobs which existed in significant numbers in the national economy. In other words, the ALJ concluded that plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff alleges (1) that the ALJ erred by failing to properly weigh the opinions of plaintiff's treating medical providers; (2) that the ALJ erred by improperly discounting plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms; (3) that the ALJ's assessment of plaintiff's residual functional capacity (RFC) is not supported by substantial evidence; and (4) that the ALJ erred by attempting to accommodate plaintiff's difficulties with conception with a limitation to simple, routine, repetitive tasks in the RFC. Plaintiff asks the Court to reverse and remand to the Commissioner with instructions to award benefits for the closed period from March 2015 to December 2016, or, alternatively, to remand for further proceedings.

The Court agrees that the ALJ did not properly weigh the medical opinion evidence in assessing plaintiff's RFC. In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b).[1] A medical opinion is a statement "from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [she] can still do despite impairment(s), and [her] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). Treating source opinions are entitled to controlling weight if they are "well supported by medically acceptable clinical and laboratory diagnostic techniques and [are]

---

[1] In January 2017, the Social Security Administration published final rules titled "Revisions to Rules Regarding the Evaluation of Medical Evidence." 82 Fed. Reg. 5844; *see also* 82 Fed. Reg. 15132 (March 27, 2017) (amending and correcting the final rules published at 82 Fed. Reg. 5844). Because these final rules did not become effective until after plaintiff's claim was filed, they do not apply in this case, and the citations in this order are to the rules in effect at the time of the ALJ's decision.

4

not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); *see also Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Factors that ALJs consider in determining how much weight to afford a medical opinion include (1) the examining relationship, (2) the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the physician's specialization, and (6) other relevant factors. 20 C.F.R. § 404.1527(c).

In this case, the ALJ repeatedly discounted medical opinions as to the severity of plaintiff's limitations, particularly her mental limitations. The ALJ gave minimal weight to the opinion of plaintiff's nurse practitioner, Ms. Nicole McKnight, believing that she had opined outside her specialty and had failed to cite objective medical evidence. At the same time, the ALJ afforded great weight to the opinions of non-treating sources whose opinions the ALJ believed were more consistent with the record as a whole. The ALJ also discounted the opinions of another treating source, plaintiff's treating psychiatrist, Dr. Valerie Murray. With both Ms. McKnight and Dr. Murray, the ALJ determined that the treatments and limitations—including plaintiff's suspension from work on her doctor's recommendation, for mental health reasons—described in the treating opinions were temporary, rather than permanent, and inconsistent with plaintiff's reported improvements in mood and stress. The ALJ also discounted an opinion by a consultative physician, Dr. Gonzalo Fernandez, who concluded that plaintiff had difficulty with mobility and walked with a cane, and might have further limitations in sitting, standing, walking, lifting, carrying, bending, stooping, crouching, reaching, handling, communicating, and functioning in the workplace. The ALJ found that Dr. Fernandez's opinions were vague and not expressed in vocationally relevant terms.

Additionally, the ALJ discounted the credibility of plaintiff's testimony regarding the severity, persistence, and limiting effects of her symptoms. In considering a claimant's testimony, the ALJ must first look for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Then, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. *Id.* This requires the ALJ to evaluate the claimant's credibility. *Id.* An ALJ's decision will be reversed if it is not properly explained or the reasons for discounting a claimant's testimony fail to support the conclusion that the claimant is not disabled. *See Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017). Here, the ALJ discounted the severity of plaintiff's mental health impairments because she had not been hospitalized for them, because plaintiff could not recall the frequency of her medical visits and treatments, and because the medical records did not support the severity of the impairments that plaintiff was claiming. Rather, the ALJ noted that plaintiff experienced situational stressors such as the deaths of family members, a break-up, and financial and housing difficulties.

Considering the full record, the Court is persuaded that the ALJ erred in discounting certain medical opinions, particularly the opinions of Ms. McKnight and Dr. Murray, and in discounting plaintiff's testimony as to the severity of her own impairments. Substantial evidence does not exist in the record to support the ALJ's findings that the treating source opinions and plaintiff's testimony were inconsistent with the objective medical evidence. The ALJ erred by characterizing plaintiff's limitations as temporary and by discounting their significance in crafting plaintiff's RFC and determining that she could perform light work with various limitations. The record indicates that plaintiff was unable to perform light work, even with the exertional and non-exertional

limitations that the ALJ provided, during the closed period of March 2015 to December 2016. As such, the ALJ's decision must be reversed and the case must be remanded to the Commissioner for further proceedings in order to determine whether plaintiff was able to perform sedentary work and, if so, whether she would still be entitled to disability benefits under 20 C.F.R. Pt. 404, Subpt. P, App'x II.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion [DE 18] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for further administrative proceedings.

SO ORDERED, this **31** day of January, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE